IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROLAND HUFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-CV-00044-GKF-JFJ |
| ) | |
| BP CORPORATION NORTH AMERICA, INC. ) | |
| and/or METROPOLITAN LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant(s). ) | |

## ORDER

This matter comes before the court on the Motion to Dismiss Amended Complaint [Doc. 23] of defendant BP Corporation North America, Inc. For the reasons set forth below, the motion is granted.

**Background/Procedural History**

This matter has a lengthy procedural history, which the court the court has now twice summarized. *See* [Doc. 15; Doc. 36]. Relevant to this motion, on December 14, 2021, plaintiff Roland Huff filed a Complaint in the District Court in and for Tulsa County against BP. [Doc. 2, pp. 7-19]. The Complaint included two state-law claims: breach of implied service contract and breach of the implied duty of good faith and fair dealing. [*Id.* at pp. 16-17]. On January 24, 2022, BP removed the case to this court and, on January 31, 2022, filed a motion to dismiss [Doc. 9].

In an Order dated May 26, 2022, this court granted BP's motion to dismiss. [Doc. 15]. Specifically, the court concluded that the BP Corporation North America Inc. Life and Accident Plan, group life insurance policy number 32900-G, is a qualifying "employee benefit plan" subject to ERISA. [*Id.* at p. 10]. Thus, Mr. Huff's state-law breach of contract and bad faith claim were pre-empted. [*Id.* at pp. 10-11]. The court further concluded that Mr. Huff failed to state a plausible

ERISA claim as the pleading included no allegations from which the court could reasonably infer that Mr. Huff was seeking to recover benefits or to clarify his right to future benefits. [*Id.* at pp. 12-13]. Though the court granted BP's motion to dismiss, it granted Mr. Huff leave to file an Amended Complaint to allege a claim under ERISA. [*Id.* at p. 13].

On June 16, 2022, Mr. Huff filed the First Amended Complaint (Based on ERISA). [Doc. 19]. The Amended Complaint purports to assert claims under 29 U.S.C. §§ 1132(c), 1132(a)(1)(B), 1132(a)(3). [*Id.* at p. 30]. Mr. Huff generally alleges that BP has failed to provide information and documents he requested and breached its fiduciary duties by overcharging Mr. Huff for premiums. [*Id.*].

On July 7, 2022, BP filed the Motion to Dismiss the Amended Complaint. [Doc. 23]. Mr. Huff responded in opposition, [Doc. 28; Doc. 29], and BP filed a reply [Doc. 31].

After having responded to the motion to dismiss, Mr. Huff filed a motion to reconsider [Doc. 30]. Therein, Mr. Huff asked the court to reconsider its conclusion in the May 26, 2022 Order that the BP Corporation North America Inc. Life and Accident Plan, group life insurance policy number 32900-G, is a qualifying "employee benefit plan" subject to ERISA. [*Id.*].

In a February 1, 2023 Opinion and Order, the court denied Mr. Huff's motion to reconsider and reiterated its conclusion that group life insurance policy number 32900-G constitutes an "employee welfare benefit plan" under ERISA (referred to herein as "the Plan"). [Doc. 36]. The court now considers BP's motion to dismiss.

**Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim that "fail[s] to state a claim upon which relief can be granted." "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is

plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.,* 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "Mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' are insufficient." *Estate of Lockett ex rel. Lockett v. Fallin*, 841 F.3d 1098, 1107 (10th Cir. 2016) (quoting *Twombly,* 550 U.S. at 555). The court accepts as true all factual allegations, but the tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). The court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).

**Analysis**

As previously stated, the First Amended Complaint (Based on ERISA) purports to assert claims under 29 U.S.C. §§ 1132(c), 1132(a)(1)(B), 1132(a)(3), for failure to provide information and documents requested and breach of fiduciary duties by premium overcharging. BP seeks dismissal of the Amended Complaint for three general reasons: (1) Mr. Huff has no ERISA claim or Plan right premised on the failure to provide information; (2) Mr. Huff has no ERISA claim for the alleged overcharge; and (3) Mr. Huff has no claim for court-sponsored relief. [Doc. 23]. The

court separately considers each argument.

    A.    *Failure to Provide Documents and Information*

Mr. Huff alleges that he, through his attorney, requested information and documents from BP regarding the increase in insurance premiums, but that BP has failed to provide the requested information. *See* [Doc. 19, pp. 9, 26, 30, ¶¶ 27, 101, 108]. Further, Mr. Huff attached to his Amended Complaint a letter, dated August 18, 2021, from plaintiff's counsel to "Tonya ??" in the BP Plan Administrator's Office requesting responses to six questions related to the Plan and Mr. Huff's premiums. [Doc. 19-5].[1] Mr. Huff seeks statutory penalties for the failure to provide the requested documents. [Doc. 19, p. 31].

Pursuant to 29 U.S.C. § 1024, "[t]he administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4) (internal footnote omitted). Any administrator who fails to provide the requested information within thirty (30) days "may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper." 29 U.S.C. § 1132(c)(1).[2] "The penalty only applies, however, if a plan administrator fails to provide information that it is required

---

[1] "A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal." *Hall v. Bellmon,* 935 F.2d 1106, 1112 (10th Cir. 1991).

[2] The maximum penalty has subsequently been increased to $110 per day. 29 C.F.R. § 2575.502c-1.

to provide by the provisions of Subchapter I of ERISA, 29 U.S.C. §§ 1001-1145." *Galman v. Sysco Food Servs. of Metro New York, LLC*, 674 F. App'x 211, 213 (3d Cir. 2016) (unpublished).

The Amended Complaint includes no allegations that Mr. Huff requested a copy of the latest updated summary, plan description, latest annual report, a terminal report, a bargaining agreement, a trust agreement, or a contract. *See* 29 U.S.C. § 1024(b)(4). Thus, Mr. Huff states a plausible ERISA claim only if the requested information regarding increased premiums qualifies as an "other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). Courts have interpreted "other instruments" to mean "the formal legal documents that govern or confine a plan's operations, rather than the routine documents with which or by means of which a plan conducts its operations." *Bd. of Trs. of the CWA/ITU Negotiated Pension Plan v. Weinstein*, 107 F.3d 139, 142 (2d Cir. 1997); *see also Williamson v. Travelport, LP,* 953 F.3d 1278, 1294 (11th Cir. 2020) (emphasis in original) ("[M]ost circuits interpret 'other instruments' narrowly, explaining that they must be 'formal legal documents' and not merely any documents *related to* a plan."); *Trs. of Colo. Laborers Health & Welfare Tr. Fund v. Am. Benefit Plan Adm'rs, Inc.*, No. 04-CV-02630-EWN-MEH, 2006 WL 2632308 (D. Colo. Sept. 13, 2006). A generalized request for documents related to an increase in premiums, as alleged in the Amended Complaint, does not satisfy the standard. *See Corby v. UNUM Life Ins. Co. of Am.*, No. C-09-5890-WHA, 2010 WL 3768040, at **8-9 (N.D. Cal. Sept. 21, 2010); *Green v. AT&T, Inc.*, No. 07-CV-1537-DDN, 2009 WL 1161576, at **7-8 (E.D. Mo. Apr. 29, 2009).

Insofar as Mr. Huff relies on the August 18, 2021 correspondence from Mr. Martin, the Tenth Circuit has recognized that "[a]n attorney . . . is entitled to request plan information on behalf of the participant if the request is clear and puts the administrator on notice of the information sought." *Moothart v. Bell,* 21 F.3d 1499, 1503 (10th Cir. 1994). The August 18, 2021

correspondence does not specifically request copies of any documents, nor can it be reasonably construed to put BP on notice that Mr. Huff was requesting documents.

Nor does Mr. Huff assert a claim for failure to provide documents as required by the Plan. Pursuant to the Plan, participants have the right to production of governing Plan documents, a copy of the latest annual report, and a summary of the Plan's annual financial report. [Doc. 26-2, p. 34]. Mr. Huff has not plausibly alleged that he requested any of these documents.

Because Mr. Huff has not asserted that he requested a document required to be provided by ERISA or the Plan, he has failed to plausibly allege an ERISA claim premised on the failure to provide documents and BP cannot be subject to § 1132(c)'s statutory penalty. Thus, Mr. Huff's Amended Complaint is dismissed in this regard.

  B. *Claims Related to Overcharge*

BP argues that dismissal of Mr. Huff's claim for breach of fiduciary duty by premium overcharging is warranted for three reasons: (1) Mr. Huff states no violation of ERISA or the Plan; (2) Mr. Huff's claim is barred by acquiescence; and (3) Mr. Huff's claim is barred by the statute of limitations. [Doc. 23, pp. 17-22]. Because the court concludes that the first argument is dispositive, it does not consider BP's arguments related to acquiescence or the statute of limitations.

As an initial matter, the court concludes that the pleading runs afoul of Federal Rule of Civil Procedure 8. Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright,* 477 F.3d 1140, 1148 (10th Cir. 2007). The Rule "requires parties

to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003).

Mr. Huff's First Amended Complaint is thirty-five (35) pages in length and attaches thirteen separate exhibits, totaling forty-eight (48) pages. In both its length and form, the document is difficult to interpret. And the court's task of determining whether Mr. Huff has stated a plausible claim is rendered more difficult by the seemingly incompatible allegations contained therein.

First, the Amended Complaint includes allegations and argument against MetLife, despite the fact that Judges in this court had twice previously concluded that no plausible claim could be asserted against MetLife because the Plan was subject to ERISA and MetLife was not the Plan Administrator. *Ronald Huff v. Metropolitan Life Insurance Company*, 21-CV-00284-CVE-CDL (N.D. Okla. July 14, 2021), [Doc. 14, pp. 4-5]; [Doc. 12].[3] Likewise, Mr. Huff continues to posit that this matter is not governed by ERISA. [Doc. 19, pp. 3, 11-13, 27-29]. It is. ERISA applies. Mr. Huff's allegations to the contrary serve only to confuse the issues and put more mud in the proverbial bucket. *See Garst,* 328 F.3d at 378.

Nor does the Amended Complaint otherwise state Mr. Huff's "claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann,* 477 F.3d at 1148. Confusingly, the pleading includes argument and allegations directed to claims *not asserted* in this case because Mr. Huff "might then have evidence enough to add" future claims and requests for remedies for "fraudulent, unjustified, price gouging, and unjust self-enriching insurance rate increases." *See* [Doc. 19, p. 3]; *see also* [Doc. 19, p. 27 ("Plaintiff has reason to believe . . . BP . . . has violated

---

[3] Since the filing of the Amended Complaint, the court has again affirmed that ERISA applies. *See* [Doc. 36].

The Plan [and] ERISA . . . by raising his life insurance rates and insurance premiums without justification. . . . However, more information and documentation are needed before the . . . allegation[] of wrongdoing will be made. Plaintiff reserves the right to make these allegations later."). In contrast, Mr. Huff also states that *he does* "allege[] a breach of his ERISA rights and of express contract terms by BP, fraudulent representations by BP, and Fraudulent Price Gouging and Unjust Enrichment increases and overcharges in premiums by BP." [Doc. 19, p. 25]. Neither the court nor BP should be required to guess as to which claims Mr. Huff presently asserts.

Further, compounding the problems in Mr. Huff's pleading, the Amended Complaint is rife with legal exposition, both as to what the law is and plaintiff's counsel's opinions on what the law should be. *See, e.g,* [Doc. 19, p. 26 n.22]. Mr. Huff also includes questions regarding the numerous exhibits attached to his Amended Complaint and discussions of what those exhibits may or may not show. *See, e.g.,* [Doc. 19, p. 28]. "The complaint is not the proper document for the plaintiff to adduce all of the evidence or to argue fully the claims." *Gen. Steel. Domestic Sales, LLC v. Steelwise, LLC*, No. 07-CV-01145-DME-KMT, 2008 WL 2520423, at *2 (D. Colo. June 20, 2008).

The lack of clarity in Mr. Huff's pleading has frustrated the court's determination of whether the Amended Complaint sets forth a plausible claim for overcharging under ERISA. For this reason alone, Mr. Huff's claim in this regard is subject to dismissal.

Mr. Huff's overcharging claim is also subject to dismissal as it fails to state a plausible claim for breach of fiduciary duty based on overcharging under ERISA. Mr. Huff invokes 29 U.S.C. § 1132(a)(3).[4] [Doc. 19, pp. 30-31]. Pursuant to that subsection, "[a] civil action may be

---

[4] Sections 1101 through 1112 include other statutory fiduciary duties. *See* 29 U.S.C. §§ 1101 to 1112. Mr. Huff includes no allegations directed to these sections.

brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the Plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).

Mr. Huff contends he was fraudulently overcharged based on representations made to him in a October 24, 2013 letter from MetLife regarding his monthly premiums for calendar years 2014 and 2015.  *See* [Doc. 19, pp. 22-26; Doc. 19-7; Doc. 19-10].  However, Mr. Huff's contention fails to state a plausible claim for two reasons.

First, with respect to calendar years 2014 and 2015, the court has reviewed the Group Universal Life Billing Statements issued to Mr. Huff on January 1, 2014 and January 1, 2015, both of which were attached to the Amended Complaint.  *See Hall,* 935 F.2d at 1112 ("A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal.").  The premiums charged are consistent with the premium calculations set forth in the October 24, 2013 correspondence.[5]  Thus, Mr. Huff fails to state a plausible claim with respect to the years 2014 and 2015.  *See Hardy v. Midland Enters., Inc.*, 66 F. App'x 535 (6th Cir. 2003) (no breach of fiduciary duty claim for misrepresentation when the statements were true).

Second, the October 24, 2013 correspondence includes no representations regarding the premiums to be charged for any period thereafter.  [Doc. 19-7].  Nor has Mr. Huff included any

---

[5] The court notes that Mr. Huff alleges he was fraudulently billed in both 2014 and 2015.  *See* [Doc. 19, p. 25, 25 n.20]; *see also* [Doc. 19-10].  Based on the court's calculations, respectfully, the court declines to accept as true Mr. Huff's allegations.  *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) ("Mere legal conclusions and factual allegations that contradict such a properly considered document are not well-pleaded facts that the court must accept as true.").

allegations regarding any representations as to the premium to be charged in the years 2016 to present.

"The Tenth Circuit has not adopted a test for breach of fiduciary duty claims premised on material misrepresentations." *Kerber v. Qwest Group Life Ins. Plan*, 647 F.3d 950, 968 (10th Cir. 2011). However, the Circuit has recognized that "[u]nder any test, the Plaintiff[] would be required to allege a material misrepresentation." *Id.* Here, Mr. Huff has alleged no material misrepresentation by BP with respect to his premiums. Thus, Mr. Huff fails to state a plausible claim.

Insofar as Mr. Huff contends that BP was required to justify the increased rates, the claim fails. The Plan provides the Administrator the authority to determine the "amount and frequency of contributions required from a Participant in order to participate in the Plan." [Doc. 23-1, p. 5, § 3.4]. To that end, the Summary Plan Document provides that the cost of coverage is based on the participant's age, level of coverage, and use of tobacco products. *See* [Doc. 23-2, pp. 8-9]. Further, the Summary Plan Document states that "[t]he company reserves the right to change or end a plan at any time without advance notice." [Doc. 23-2, p. 33]. Mr. Huff points to no statute or other authority requiring BP to justify rate increases. Thus, Mr. Huff fails to state a plausible claim. *See Frahm v. Equitable Life Assur. Soc'y of the United States*, 137 F.3d 955 (7th Cir. 1998).

Finally, the Tenth Circuit has held that 29 U.S.C. § 1132(a)(3) establishes a claim for equitable estoppel. *See Lebahn v. Nat'l Farmers Union Unif. Pension Plan*, 828 F.3d 1180, 1187 (10th Cir. 2016). However, Mr. Huff includes no allegations directed to equitable estoppel and has not satisfied the elements of ERISA equitable estoppel.[6] *Id.* at 1187 n.7. Specifically, for the

---

[6] The Tenth Circuit has indicated that the five elements of an ERISA claim for equitable estoppel are: "1) conduct or language amounting to a representation of material fact; 2) awareness of the true facts by the party to be estopped; 3) an intention on the part of the party to be estopped that

same reasons discussed above, Mr. Huff has failed to alleged conduct or language by BP amounting to a representation of material fact. Nor has he alleged that BP was aware he was relying on any such representation. Finally, Mr. Huff attaches to his Amended Complaint the Group Universal Life Billing Statements, which indicate that he was aware of the true facts—that is, the amount of premiums charged. For all of these reasons, Mr. Huff's Amended Complaint fails to plausibly assert a claim for equitable estoppel.

For all of the foregoing reasons, Mr. Huff fails to state a plausible ERISA breach of fiduciary duty claim pursuant to 29 U.S.C. § 1132(a)(3) and the claim must be dismissed.[7]

C. *Claim for Court-Sponsored Belief*

Finally, BP seeks to dismiss Mr. Huff's request for "other appropriate equitable relief." [Doc. 23, p. 22]. As an initial matter, the Tenth Circuit has held that "the prayer for relief is no part of the cause of action." *Coll v. First American Title Ins. Co.*, 642 F.3d 876, 901 (10th Cir. 2011). Thus, a motion to dismiss is generally not a proper vehicle for addressing a prayer for relief. *See Reininger v. Oklahoma,* 292 F. Supp. 3d 1254, 1266 (W.D. Okla. 2017).

Regardless, for the reasons discussed above, Mr. Huff has failed to plausibly allege an ERISA violation and therefore other equitable relief is inappropriate.

---

the representation be acted on, or conduct toward the party asserting the estoppel such that the latter has a right to believe that the former's conduct is so intended; 4) unawareness of the true facts by the party asserting the estoppel; and 5) detrimental and justifiable reliance by the party asserting estoppel on the representation." *Lebahn*, 828 F.3d at 1187 n.7.

[7] Insofar as Mr. Huff seeks to assert state-law claims for breach of contract or fraud, the claims are dismissed, as the court's grant of leave to amend was limited to assertion of a claim under ERISA. *See* [Doc. 15, p. 13].

### Conclusion

WHEREFORE, the Motion to Dismiss Amended Complaint [Doc. 23] of defendant BP Corporation North America, Inc. is granted.

DATED this 27th day of February, 2023.

*Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma