IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROLAND HUFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-CV-00044-GKF-JFJ |
| | ) |
| BP CORPORATION NORTH AMERICA, INC. | ) |
| and/or METROPOLITAN LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter comes before the court on the Motion to Vacate Judgment and Second Motion to Reconsider Whether Plaintiff's Insurance Policy is Subject to ERISA [Doc. 39] of plaintiff Roland Huff. For the reasons set forth below, the motion is denied.

**Background and Procedural History**

This case has a lengthy procedural history, which the court will not belabor. Relevant to this motion, on July 14, 2021, plaintiff Roland Huff, a former BP employee, initiated a civil lawsuit in the U.S. District Court for the Northern District of Oklahoma against Metropolitan Life Insurance Company (MetLife), *Roland Huff v. Metropolitan Life Insurance Company*, 21-CV-00284-CVE-CDL (N.D. Okla. July 14, 2021).[1] In an Opinion and Order dated October 25, 2021, Judge Eagan concluded that group life insurance policy number 32900-G was an employee benefit

---

[1] For ease of reference, the court refers to Northern District of Oklahoma Case No. 21-CV-00284-CVE-CDL, *Huff v. Metropolitan Life Insurance Company*, as "*Huff I*." The court may take judicial notice of the filings in that case. *See St. Louis Baptist Temple, Inc. v. Fed. Dep. Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir. 1979) (internal citation omitted) ("[A] court may, sua sponte, take judicial notice of its own records and preceding records if called to the court's attention by the parties. . . . Further, it has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

plan within the meaning of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1101 *et seq.* [*Huff I,* Doc. 14 at p. 6].

On December 14, 2021, Mr. Huff filed a Complaint in the District Court in and for Tulsa County, this time against defendant BP Corporation North America, Inc. [Doc. 2, pp. 7-19]. BP removed the case (*Huff II*) to this court and, on January 31, 2022, filed a motion to dismiss [Doc. 9]. In an Order dated May 26, 2022, the undersigned granted BP's motion to dismiss. [Doc. 15]. In the May 26 Order, the court concluded that the BP Corporation North America Inc. Life and Accident Plan, group life insurance policy number 32900-G, is a qualifying "employee benefit plan" subject to ERISA and that Mr. Huff's state-law claims were therefore pre-empted by same. [*Id.* at p. 10]. However, the court granted Mr. Huff leave to amend and, on June 16, 2022, Mr. Huff filed his First Amended Complaint (Based on ERISA). [Doc. 19].

Mr. Huff subsequently filed a Motion to Reconsider, which asked the court to reconsider its conclusion in the May 26, 2022 Order that the BP Corporation North America Inc. Life and Accident Plan, group life insurance policy number 32900-G, is a qualifying "employee benefit plan" subject to ERISA. [Doc. 30]. In an Opinion and Order dated February 1, 2023, the court denied the motion, reiterating its prior conclusion that group life insurance policy number 32900-G constitutes an "employee welfare benefit plan" under ERISA. [*Id.* at pp. 7-12]. The court further concluded that group life insurance policy no. 32900-G had not been converted to an individual policy outside the scope of ERISA. [*Id.* at pp. 12-13].

Mr. Huff now asks the court to reconsider its ruling on his first motion to reconsider. [Doc. 39].[2] Having reviewed the motion, the court concludes that it is no response is required.

---

[2] On February 27, 2023, the court dismissed the First Amended Complaint (Based on ERISA) and entered a Judgment of Dismissal. [Doc. 37; Doc. 38]. Mr. Huff has filed a separate Motion to

**Legal Standard**

The Tenth Circuit has recognized that "every order short of a final decree is subject to reopening at the discretion of the district judge." *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983); Fed. R. Civ. P. 54(b)). Because Mr. Huff seeks reconsideration of an interlocutory order, this court adopts the three-factor approach endorsed by Judge Browning in *SFF-TIR, LLC v. Stephenson*, 264 F. Supp. 3d 1148, 1219 (N.D. Okla. 2017) ("The best approach, in the Court's eyes, is to analyze motions to reconsider differently depending on three factors.").[3]

"First, the Court should restrict its review of a motion to reconsider a prior ruling in proportion to how thoroughly the earlier ruling addressed the specific findings or conclusions that the motion to reconsider challenges." *Id.*

"Second, the Court should consider the case's overall progress and posture, the motion for reconsideration's timeliness relative to the ruling it challenges, and any direct evidence that the parties may produce, and use those factors to assess the degree of reasonable reliance the opposing party has placed in the Court's prior ruling." *Id.* at 1220.

Third, the court should consider the grounds for reconsideration under Fed. R. Civ. P. 59 as articulated by the Tenth Circuit in *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Those grounds are: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete*, 204 F.3d at 1012. The presence of a Rule 59 ground should weigh in

---

Reconsider regarding that Order. [Doc. 40]. Accordingly, the court construes the instant motion as being limited to a request for reconsideration of the court's conclusion that ERISA applies.

[3] Because the court's February 1, 2023 Order did not result in entry of a final judgment, the court applies the standard applicable to interlocutory orders.

favor of reconsideration. *SFF-TIR, LLC,* 264 F. Supp. 3d at 1220. However, "[u]nlike the motion that produced the prior ruling, a motion to reconsider is not—and is not supposed to be—a fair fight procedurally. The deck is stacked against a movant for reconsideration." *Id.* at 1221. Further, a motion for reconsideration is not "an appropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Id.* at 1214-15 (formatting altered from original) (quoting *Servants of Paraclete*, 204 F.3d at 1012).

## Analysis

As previously stated, Mr. Huff asks the court to reconsider its conclusion that the BP Corporation North America Inc. Life and Accident Plan, group life insurance policy number 32900-G, is a qualifying "employee benefit plan" subject to ERISA. The court considers the request based on the three *SFF-TIR* factors set forth above.

    A.    *Thoroughness of Briefing*

As to the first factor, thoroughness of briefing, Mr. Huff's arguments have now been rejected three times by judges in this district. *Roland Huff v. Metropolitan Life Insurance Company*, 21-CV-00284-CVE-CDL (N.D. Okla. Oct. 25, 2021), [Doc. 14, pp. 6-7]; *Roland Huff v. BP Corporation North America, Inc.*, No. 22-CV-0044-GKF-JFJ (N.D. Okla.), [Doc. 15 and Doc. 36]. In fact, Mr. Huff's first motion to reconsider [Doc. 30] was entirely directed to this issue. BP responded in opposition [Doc. 32], Mr. Huff filed a sixteen-page reply [Doc. 35], and this court issued a fourteen-page Opinion and Order [Doc. 36]—all entirely devoted to this single issue.

Further, based on the court's review, Mr. Huff's motion simply rehashes arguments raised in the prior briefing. "A motion to reconsider is not intended to offer parties 'a second bite at the

proverbial apple.'" *Syntroleum Corp. v. Fletcher Int'l, Ltd.*, No. 08-CV-384-JHP-FHM, 2009 WL 761322, at *2 (N. D. Okla. Mar. 19, 2009).  Mr. Huff's motion effectively seeks a *fourth bite* at the proverbial apple.  For these reasons, the first factor weighs against reconsideration.

      B.      *Case Progress and Posture*

Turning to the second factor, the case's progress and posture, the motion was timely filed relative to the court's February 1, 2023 Order.  However, Mr. Huff's first motion to reconsider on this issue was *not* timely filed relative to the court's May 26, 2022 Order, in which the undersigned first concluded that ERISA applied.  And looking back further, Mr. Huff did not timely challenge Judge Eagan's conclusion in *Huff I*.

Further, this case has been dismissed.  [Doc. 38; Doc. 39].  In dismissing this matter, the court relied on the First Amended Complaint, in which Mr. Huff purported to assert an ERISA claim, as the operative pleading. Accordingly, on balance, the second factor weighs against reconsideration.

      C.      *Rule 59 Grounds for Relief*

Finally, as to the third factor, Mr. Huff contends that reconsideration is necessary "to correct clear error or prevent manifest injustice." *Servants of the Paraclete*, 204 F.3d at 1012; *see* [Doc. 39, p. 5].

As an initial matter, the court again observes that a motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012.  Accordingly, "[a] motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Aceco Valves, LLC v. Neal*, No. CIV-21-368-D, 2022

WL 9497361, at *1 (W.D. Okla. Oct. 14, 2022) (quoting *Matosantos Com. Corp. v. Applebee's Int'l, Inc.*, 189 F.R.D. 467, 468 (D. Kan. 1999), *aff'd,* 245 F.3d 1203 (10th Cir. 2001)).

Based on the court's review, the arguments raised in Mr. Huff's motion were raised in prior briefing.  Although Mr. Huff now places greater emphasis on his conversion argument than in prior briefing, a motion to reconsider is not an appropriate vehicle to provide, in the first instance, a comprehensive argument.  The court sees no reason to revisit for a third time evidence and arguments that it has previously rejected.  Thus, for this reason alone, the third factor weighs against reconsideration.

Further, the court is not persuaded that it committed clear error.  Mr. Huff contends that the policy documents demonstrate that he could convert his policy to a "personal policy." [Doc. 39, p. 11].  Specifically, Mr. Huff points to language in the insurance contract that he interprets to mean "when the payroll deduction plan ended for Plaintiff when he retired in 1998, 'This Plan' ended at the same time. And 'This Plan' that ended was the *BP GUL insurance program*, . . . And Then, MetLife issued Plaintiff a '<u>personal</u>' policy." [Doc. 39, p. 22 (emphasis in original)]. However, the exhibit that Mr. Huff cites as being the relevant insurance policy is the insurance policy provided to Mr. Huff upon his initial enrollment in the group life insurance plan in October of 1998.  The employer is designated as "Amoco Corporation," and the policy utilizes Form G.9704 Amoco Corporation Employee Cert. OPA (12/98) [Doc. 39-8; Doc. 39-9; Doc. 39-10].

However, in 1998, BP merged with Amoco.  Mr. Huff previously submitted to Judge Eagan a copy of the MetLife insurance policy issued designating "BP Corporation North America Inc." as the employer.  *Huff I,* (N.D. Okla. Sept. 10, 2021), [Doc. 12-7].  That policy utilizes Form G.9704(2003), and specifically provides "[f]or the purposes of This Plan, if you are retired from the Employer you will be considered to be on the Payroll Deduction Plan." [*Id.* at p. 7].  Mr. Huff

includes no discussion of this more recent policy, issued to the operative employer. It appears that this policy, rather than the earlier policy issued to Amoco Corporation, would apply.[4]

Additionally, Mr. Huff's contention that "Plaintiff's participation in the BP GUL insurance program was severed and ended 24 years ago when he retired [on December 31, 1998]," ignores evidence that his policy was part of the group life insurance policy, rather than a personal policy, after his retirement. Specifically, Mr. Huff attached to his First Amended Complaint (Based on ERISA) a certificate of insurance he characterizes as being that of the relevant insurance contract which clearly designates the policy as being a group policy. [Doc. 19-9]. Additionally, Mr. Huff attached October 24, 2013 correspondence setting forth the monthly premium costs for the "BP Retiree Group Universal Life (GUL) Program." [Doc. 19-7]. Finally, the billing statements on which Mr. Huff relies, are titled "Group Universal Life Billing Statement" or "Quarterly Group Universal Life insurance Bill." [Doc. 19-11].

Mr. Huff offers no evidence that group life insurance policy no. 32900-G was converted to an individual insurance policy outside of the scope of ERISA. And, Mr. Huff having offered no new argument or evidence to the contrary, the court adopts and incorporates its analysis of the Safe Harbor provision and conventional test from its February 1, 2023 Order. Thus, the court again concludes that group life insurance policy no. 32900-G has not been converted to an individual insurance policy but, instead, is a qualifying "employee benefit plan" subject to ERISA. The third factor weighs against reconsideration.

---

[4] In fact, in his Amended Complaint, Mr. Huff cites the policy issued to BP as the operative policy. [Doc. 19, p. 20].

### Conclusion

WHEREFORE, the Motion to Vacate Judgment and Second Motion to Reconsider Whether Plaintiff's Insurance Policy Is Subject to ERISA [Doc. 39] of plaintiff Roland K. Huff is denied.

The court will consider plaintiff's Second Motion to Vacate Orders and First Motion to Reconsider Whether Plaintiff's ERISA Complaint States a Valid Claim [Doc. 40] under separate order. Defendant BP Corporation North America, Inc.'s response to that motion is due March 22, 2023.

DATED this 1st day of March, 2023.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma