IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROLAND HUFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-CV-00044-GKF-JFJ |
| | ) |
| BP CORPORATION NORTH AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the court on the Motion for Attorney Fees and Costs [Doc. 45] of defendant BP Corporation North America, Inc. For the reasons set forth below, the motion is granted in part and denied in part.

**Background/Procedural History**

On July 14, 2021, plaintiff Roland Huff, a former BP employee, initiated a civil lawsuit in the U.S. District Court for the Northern District of Oklahoma against Metropolitan Life Insurance Company (MetLife), *Roland Huff v. Metropolitan Life Insurance Company*, 21-CV-00284-CVE-CDL (N.D. Okla. July 14, 2021).[1] The case was assigned to U.S. District Judge Claire V. Eagan. In that case, Mr. Huff asserted state-law claims of breach of contract and bad faith related to group life insurance policy no. 32900-G administered by MetLife and designating BP as the "employer."

In an Opinion and Order dated October 25, 2021, Judge Eagan dismissed Mr. Huff's state-law claims of breach of contract and bad faith. *Roland Huff v. Metropolitan Life Insurance Company*, 21-CV-00284-CVE-CDL (N.D. Okla. Oct. 25, 2021), [Doc. 14]. Specifically, Judge

---

[1] For ease of reference, the court refers to Northern District of Oklahoma Case No. 21-CV-00284-CVE-CDL, *Huff v. Metropolitan Life Insurance Company*, as "*Huff I*." The court takes judicial notice of the filings in that case. *See St. Louis Baptist Temple, Inc. v. Fed. Dep. Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979); *Tal v. Hogan*, 453 F.3d 1244, 1264-65 n.24 (10th Cir. 2006).

Eagan concluded that group life insurance policy number 32900-G was an employee benefit plan within the meaning of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1101 *et seq.* [*Id.* at p. 6]. Because Mr. Huff's state-law claims "related to" employee benefit plan number 32900-G, the claims were preempted by ERISA. [*Id.* at p. 7]. Further, Judge Eagan noted that Mr. Huff failed to name BP, the plan administrator, as a defendant in his Complaint, which made his Complaint inadequate to state a plausible ERISA claim. [*Id.*]. However, Judge Eagan ordered that Mr. Huff could file an Amended Complaint naming the correct defendant and asserting an ERISA claim on or before November 5, 2021. [*Id.*].

Mr. Huff did not timely file an Amended Complaint in *Huff I*. Rather, on December 14, 2021, Mr. Huff filed a Complaint in the District Court in and for Tulsa County, this time against BP ("*Huff II*"). [Doc. 2, pp. 7-19]. The *Huff II* Complaint included two state-law claims: breach of implied service contract and breach of the implied duty of good faith and fair dealing. [*Id.* at pp. 16-17]. On January 24, 2022, BP removed the case to this court and, on January 31, 2022, filed a motion to dismiss [Doc. 9].

In an Order dated May 26, 2022, this court granted BP's motion to dismiss. [Doc. 15]. Specifically, the court concluded that the BP Corporation North America Inc. Life and Accident Plan, group life insurance policy number 32900-G, is a qualifying "employee benefit plan" subject to ERISA. [*Id.* at p. 10]. Thus, Mr. Huff's state-law breach of contract and bad faith claim were preempted by ERISA. [*Id.* at pp. 10-11]. The court further concluded that Mr. Huff failed to state a plausible ERISA claim as the pleading included no allegations from which the court could reasonably infer that Mr. Huff was seeking to recover benefits or to clarify his right to future benefits. [*Id.* at pp. 12-13]. Though the court granted BP's motion to dismiss, it granted Mr. Huff leave to file an Amended Complaint to allege a claim under ERISA. [*Id.* at p. 13].

On June 16, 2022, Mr. Huff filed his First Amended Complaint (Based on ERISA). [Doc. 19]. On July 7, 2022, BP filed a Motion to Dismiss the Amended Complaint. [Doc. 23]. Mr. Huff responded in opposition on August 8, 2022. [Doc. 28; Doc. 29].

After having responded to the motion to dismiss, on August 15, 2022, Mr. Huff filed a Motion to Reconsider [Doc. 30]. Therein, Mr. Huff asked the court to reconsider its conclusion in the May 26, 2022 Order that the BP Corporation North America Inc. Life and Accident Plan, group life insurance policy number 32900-G, was a qualifying "employee benefit plan" subject to ERISA. [*Id.*].

In a February 1, 2023 Opinion and Order, the court denied Mr. Huff's motion to reconsider. [Doc. 36]. Specifically, the court reasoned that "both the parties and the court [had] thoroughly addressed whether the group life insurance policy qualifies as an 'employee benefit plan,'" and, although Mr. Huff raised new arguments in the motion, the arguments could have been raised in prior briefing. [*Id.* at pp. 6-7]. Regardless, applying the conventional test, the court concluded that the five elements of an ERISA employee benefit plan were satisfied and that group life insurance policy number 32900-G constitutes an "employee welfare benefit plan" under ERISA. [*Id.* at p. 12]. The court further concluded that group life insurance policy no. 32900-G had not been converted to an individual policy outside the scope of ERISA. [*Id.* at pp. 12-13].

Subsequently, on February 27, 2023, the court granted BP's motion to dismiss Mr. Huff's Amended Complaint and entered a Judgment of Dismissal with prejudice in BP's favor. [Doc. 37; Doc. 38].

The next day, on February 28, 2023, Mr. Huff filed the Motion to Vacate Judgment and Second Motion to Reconsider Whether Plaintiff's Insurance Policy is Subject to ERISA, asking

the court to reconsider its ruling on Mr. Huff's first motion to reconsider as to whether the group life insurance policy constituted an "employee welfare benefit plan" under ERISA. [Doc. 39].

The following day, on March 1, 2023, Mr. Huff filed the Second Motion to Vacate Orders and First Motion to Reconsider Whether Plaintiff's ERISA Complaint States a Valid Claim. [Doc. 40]. Therein, Mr. Huff asked the court to vacate its February 27, 2023 Judgment and "reopen or reinstate Plaintiff's complaint based on ERISA." [*Id.* at p. 5].

In a March 1, 2023 Opinion and Order, this court denied Mr. Huff's Motion to Vacate Judgment and Second Motion to Reconsider Whether Plaintiff's Insurance Policy is Subject to ERISA. [Doc. 41]. In doing so, the court noted that Mr. Huff's arguments had previously been rejected on three separate occasions by judges in this district and that Mr. Huff's motion "simply rehashe[d] arguments raised in prior briefing." [Doc. 41, p. 4]; *see also* [*id.* at p. 6 ("The court sees no reason to revisit for a third time evidence and arguments that it has previously rejected.")].

Finally, in a March 31, 2023 Order, the court denied Mr. Huff's Second Motion to Vacate Orders and First Motion to Reconsider Whether Plaintiff's ERISA Complaint States a Valid Claim. [Doc. 51].

Mr. Huff appealed. In a December 20, 2023 Order, the U.S. Court of Appeals for the Tenth Circuit affirmed this court's dismissal of Mr. Huff's claims. [Doc. 53]. The mandate issued on January 30, 2024. [Doc. 54].

Pursuant to 29 U.S.C. § 1132(g)(1) and 28 U.S.C. § 1927, BP seeks an award of its attorney's fees and costs incurred in this matter. [Doc. 45]. The attorney's fees and costs sought in the motion total $54,475.00, representing the fees and costs incurred up to the date of judgment. [*Id.* at p. 23; Doc. 45-2]. Mr. Huff responded in opposition to the motion. [Doc. 49]. BP filed a reply. [Doc. 52]. In the reply, BP seeks additional attorney's fees and costs totaling $17,900,

representing the cost and fees incurred since the date of the judgment. [*Id.* at p. 11; Doc. 52-1]. Thus, the motion for attorney's fees is ripe for the court's determination.[2]

## Analysis

As previously stated, BP seeks attorney's fees and costs pursuant to both 29 U.S.C. § 1132(g)(1) and 28 U.S.C. § 1927. The court separately considers each statute.

A.   *29 U.S.C. § 1132(g)(1)*

Pursuant to 29 U.S.C. § 1132(g)(1), "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The U.S. Court of Appeals for the Tenth Circuit has recognized that, under § 1132, "[a] fee claimant need not be a prevailing party to be eligible for an award of attorney's fees and costs under ERISA." *Cardoza v. United of Omaha Life Ins. Co.*, 708 F.3d 1196, 1207 (10th Cir. 2013). Rather, "[a] court may award fees and costs under 29 U.S.C. § 1132(g)(1) as long as the fee claimant has achieved 'some degree of success on the merits.'" *Id.* (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010)). The Tenth Circuit

> has established five factors a court may consider in deciding whether to exercise its discretion to award attorney's fees and costs: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

---

[2] The court notes that neither party has requested an evidentiary hearing with respect to the motion. *See* [Doc. 45; Doc. 49]. Further, based on the court's review of the briefs, there do not appear to be any disputes of fact regarding the procedural history of this matter. Thus, the motion may be decided on the briefs and an evidentiary hearing is unnecessary. *See Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 863, 873 (10th Cir. 2018) (quoting *Resolution Tr. Corp. v. Dabney*, 73 F.3d 262, 268 (10th Cir. 1995)) ("[T]he opportunity to fully brief the issue is sufficient to satisfy due process requirements."); *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1279 (10th Cir. 2005).

*Cardoza,* 708 F.3d at 1207.  "No single factor is dispositive and a court need not consider every factor in every case." *Id.*

Looking to the "some of degree of success on the merits" requirement, the Tenth Circuit recently affirmed this court's dismissal with prejudice of Mr. Huff's claims.  [Doc. 53].  Further, a dismissal with prejudice is an adjudication on the merits.  *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("'[W]ith prejudice' is an acceptable form of shorthand for 'an adjudication upon the merits.'").  Thus, BP has achieved "some degree of success on the merits" as required by § 1132(g)(1), and the court considers the five *Cardoza* factors.

For ease of analysis, the court first considers the fifth factor—the relative merits of the parties' positions.  In *Huff I*, Judge Eagan dismissed Mr. Huff's state-law claims but ordered that Mr. Huff could file an Amended Complaint asserting an ERISA claim.  Instead, Mr. Huff initiated this case explicitly disclaiming reliance on ERISA and asserting state-law tort and breach of contract claims that were clearly preempted.  *See* [Doc. 2, pp. 26-42; Doc. 15, p. 11].  Thus, the court is not persuaded that, as originally filed, Mr. Huff's claims warranted bringing suit.  Further, Mr. Huff failed to plausibly allege an ERISA claim in his Amended Complaint.  [Doc. 19; Doc. 37].

Mr. Huff contends that his claims were not frivolous but, instead, necessary to safeguard his employee benefits.  However, Mr. Huff consistently failed to assert a plausible ERISA claim that would have done so.  The court is not without sympathy for Mr. Huff's situation as a fixed-income retiree.  But the court's sympathy does not change the fact that, despite being twice afforded the opportunity to do so, Mr. Huff failed to plausibly allege an ERISA claim to warrant litigation in this matter.  *See* [Doc. 15; Doc. 37].  Thus, the relative merits of the parties' positions factor clearly weighs in favor of imposition of attorney's fees.

Looking next to the first factor—the parties' culpability or bad faith—there is no evidence that Mr. Huff acted engaged in bad faith or other culpable conduct in pursuing his employee benefits prior to the initiation of litigation. Rather, BP directs the court to Mr. Huff's litigation conduct.

Other district courts in this Circuit have concluded that, in the context of § 1132(g)(1), "actions taken with an intent to confuse or mislead a court during litigation constitute bad faith, because they demonstrate a dishonest purpose." *Chandhok v. Companion Life Ins. Co.*, 556 F. Supp. 3d 1192, 1224 (D.N.M. 2021); *see also Weiss v. Banner Health*, No. 17-CV-00443-DDD-NYW, 2019 WL 13103484, at *1 (D. Colo. Nov. 22, 2019). The court concurs with BP that Mr. Huff's claims lacked merit. However, the court is not persuaded that, under the circumstances, Mr. Huff's continued pursuit of his claims demonstrates bad faith.

Mr. Huff is represented by counsel in this matter, Jeff Martin. Having read each of Mr. Huff's filings, it is clear that neither Mr. Huff nor his counsel acted with an intent to confuse or mislead the court in the dogged pursuit of state-law claims, rather than an ERISA cause of action. Instead, it is plain *that counsel* and, by extension, Mr. Huff is confused as to the applicable law.[3] Even in the face of binding authority to the contrary, Mr. Huff's counsel remained convinced that ERISA was inapplicable. *See* [Doc. 39, p. 1 n.1].

Mr. Huff's position was not justified. Nor was it well-supported. However, having reviewed the briefs in this matter, the court cannot conclude that Mr. Huff's litigation conduct demonstrates culpability or bad faith. Thus, the first factor weighs against imposition of fees.

---

[3] Mr. Huff's response to the motion for attorney's fees illustrates the confusion. Mr. Huff asserts that BP "turned this case into an ERISA matter." [Doc. 49, p. 5]. That is not so. Mr. Huff asserted claims that were preempted by ERISA. BP simply drew the matter to the court's attention by filing the motion to dismiss.

Turning to the next factor—the opposing party's ability to satisfy an award of fees—there is no evidence that Mr. Huff has the ability to satisfy an attorney fee award. Rather, it is undisputed that Mr. Huff is in his eighties and a retiree. *See Goodman v. Guardian Life Ins. Co. of Am.*, No. 16-CV-03027-RM-MJW, 2019 WL 8230957, at *4 (D. Colo. Mar. 15, 2019). Further, the court notes that BP Corporation North America, Inc., a worldwide company, is better situated to pay attorney's fees than Mr. Huff, a retired individual. Thus, this factor weighs against imposition of attorney's fees.

The court next considers whether an award of fees would deter others from acting under similar circumstances. BP argues that an award would "deter others from imitating Plaintiff" and "should give other participants pause and deter them from following Plaintiff's lead in bullishly ignoring Court orders and the law." [Doc. 45, p. 15]. However, despite his threats to bring a class action, Mr. Huff ultimately acted only for his own benefit. And insofar as BP points to Mr. Huff's disregard of this court's Orders, the court concludes that the fault lies with Mr. Huff's counsel—not Mr. Huff. *See* [Doc. 39, p. 1 n.1 ("Obviously, it is not 82-year-old Mr. Huff but his counsel who is here doing the asking. Therefore, if anyone is chastised or penalized for bringing this issue up one more time, it should be Plaintiff's counsel."). Thus, this factor weighs against imposition of fees against Mr. Huff.

Finally, the court looks to whether BP, as the party requesting fees, sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA. The court concurs with other district courts in this Circuit that this factor is

> primarily relevant only to whether plaintiffs should be awarded attorneys' fees. Plaintiffs will have added incentive to bring suits that benefit all plan beneficiaries and to enforce the policies behind ERISA if their attorneys' fees will be paid by defendants. Of course, sometimes a defendant may establish an interpretation of ERISA that clarifies the law or benefits ERISA plan beneficiaries, if not the plaintiff. But, in general, the fourth factor is significant in determining the benefits

> conferred in a suit brought by ERISA plaintiffs, rather than the benefits of dismissing a meritless ERISA suit.

*Louderback v. Litton Indus., Inc.*, No. 06-2023-JWL, 2008 WL 144690, at *2 (D. Kan. Jan. 15, 2008) (quoting *Marquardt v. North Am. Car Corp.*, 625 F.2d 715, 720 (7th Cir. 1981)); *Lafayette v. Cobb*, No. CIV-04-0522-LH-RHS, 2006 WL 8444097, at *3 (D.N.M. June 21, 2006) (same). This matter did not resolve any significant legal question under ERISA as it was determined based on well-established principles applied to Mr. Huff's specific claims. Thus, this factor weighs against the imposition of attorney's fees.

Based on the foregoing, although Mr. Huff's claims lacked merit, on balance, the relevant factors weigh against imposing attorney's fees against Mr. Huff under § 1132(g)(1). *See Louderback*, 2008 WL 144690, at *2 ("[W]e find that although § 1132(g)(1) does not explicitly differentiate between plaintiffs and defendants, a court will seldom abuse its discretion by refusing to award attorneys' fees and costs to a defendant."). Thus, BP's motion for attorney's fees is denied insofar as it seeks attorney's fees pursuant to 29 U.S.C. § 1132(g)(1). The court next considers BP's request for attorney's fees under 28 U.S.C. § 1927.

    B.    *28 U.S.C. § 1927*

Title 28, section 1927 provides "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "[T]he 'power to assess costs against an attorney under § 1927 . . . is a power that must be strictly construed.'" *Braley v. Campbell,* 832 F.2d 1504, 1512 (10th Cir. 1987) (quoting *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985)). Specifically, the Tenth Circuit has stated

> [a]n attorney becomes subject to § 1927 sanctions "by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law . . . . A lawyer's reckless indifference to the law may impose substantial costs on the adverse party. Section 1927 permits a court to insist that the attorney bear the costs of his own lack of care."

*Braley*, 832 F.2d at 1511 (quoting *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985)). Thus, the court may sanction conduct that "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008). However, bad faith is not required, and an attorney's subjective intent is irrelevant. *Id.* This is because "[t]o excuse objectively unreasonable conduct by an attorney would be to state that one who acts with 'an empty head and a pure heart' is not responsible for the consequences." *Id.* (quoting *Braley*, 832 F.2d at 1512). Rather, "[a]n attorney is expected to exercise judgment and must 'regularly re-evaluate the merits' of claims and 'avoid prolonging meritless claims,'" and therefore "[c]ontinuing to pursue claims after a reasonable attorney would realize they lacked merit can warrant sanctions under § 1927." *O'Rourke v. Dominion Voting Sys., Inc.*, No. 21-1442, 2022 WL 17588344, at *5 (10th Cir. Dec. 13, 2022), *petition for writ of certiorari docketed, Walker v. Dominion Voting Sys., Inc.*, No. 22-1084 (10th Cir. May 8, 2023) (unpublished) (internal citations and quotations omitted).[4]

BP seeks attorney's fees totaling $72,465.00, which represents the entirety of the fees incurred by it defending this case. However, "§ 1927 covers only the *multiplication* of 'the proceedings *in any case*,' 28 U.S.C. § 1927. This unambiguous statutory language necessarily excludes the complaint that gives birth to the proceedings, as it is not possible to multiply proceedings until after those proceedings have begun." *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214,

---

[4] "Unpublished decisions are not precedential, but may be cited for their persuasive value." 10th Cir. R. 32.1(A).

1224-25 (10th Cir. 2006) (emphasis added) (internal footnote omitted)[5]; *see also O'Rourke*, 2022 WL 17588344, at *4. Further, the court has identified no cases in which the Tenth Circuit approved of the imposition of § 1927 sanctions constituting the total attorney's fees incurred in a case, nor is the court persuaded that such an award would be warranted in this matter. Rather, the court focuses on Mr. Martin's conduct that unreasonably and vexatiously multiplied these proceedings. *See Braley*, 832 F.2d at 1513 (when imposing § 1927 sanctions "the court must identify the extent of the multiplicity resulting from the attorney's behavior and the costs arising therefrom").

In her October 25, 2021 Opinion and Order, Judge Eagan concluded that group life insurance policy number 32900-G was an employee benefit plan as defined by ERISA, putting Mr. Martin on notice as to ERISA's applicability in this matter. Nevertheless, Mr. Martin initiated this action again asserting state-law claims against BP instead of the defendant in the previous action, Metropolitan Life. [Doc. 2, pp. 7-19]. Further, when BP filed a motion to dismiss premised on ERISA's applicability, Mr. Martin did not concede the issue. Instead, he responded in opposition, requiring BP to file a reply brief in support of its motion. [Doc. 14].

In a May 26, 2022 Order, the undersigned dismissed Mr. Huff's state-law claims, reasoning, like Judge Eagan, that group life insurance policy number 32900-G was an employee benefit plan and therefore ERISA preempted Mr. Huff's claims. [Doc. 15]. Rather than accepting the rulings of two separate judges on the issue, Mr. Martin filed a motion asking the court to reconsider its conclusion that group life insurance policy number 32900-G was an employee benefit plan. [Doc. 30]. The court denied that motion. [Doc. 36]. Mr. Martin subsequently filed a second motion to reconsider, again directed to ERISA's application. [Doc. 39]. Noting that the

---

[5] However, in *Steinert*, the Tenth Circuit reserved the issue of "whether 'proliferative uses of complaints . . . fall within the statute.'" *Steinert,* 440 F.3d at 1225 n.12 (quoting Gregory P. Joseph, Sanctions: The Federal Law of Litigation Abuse 389 (3d ed. 2000)).

motion was "effectively seek[ing] a fourth bite at the proverbial apple," the court denied the motion. [Doc. 41, pp. 5, 8].

The court concludes that counsel for Mr. Huff unreasonably multiplied these proceedings by continuing to file briefs and motions directed to ERISA's applicability. Specifically, Mr. Martin should have "re-evaluate[d] the merits of the[] claims" upon receipt of BP's motion to dismiss the original Complaint filed in this matter. *Steinert,* 440 F.3d at 1224. At that point, Judge Eagan had considered and rejected Mr. Martin's arguments, squarely concluding that, under applicable Tenth Circuit law, ERSIA governed the employee benefit plan. Not only did BP direct Mr. Martin to Judge Eagan's ruling in its motion, it cited binding Tenth Circuit precedent for the proposition that ERISA applied and preempted the state-law claims. Yet, Mr. Martin persisted, opposing the motion to dismiss and, further, filing two motions to reconsider on the issue. Mr. Martin's failure to acknowledge the Orders of this court, as well the Tenth Circuit precedent upon which they were based, "viewed objectively, manifests . . . reckless disregard of the attorney's duties to the court." *Hamilton*, 519 F.3d at 1202. Although, as discussed above, the court does not believe that Mr. Martin acted in bad faith, such a finding is not required. Rather, because Mr. Martin "continu[ed] to pursue claims after a reasonable attorney would realize they lacked merit," § 1927 sanctions are warranted.[6] *O'Rourke*, 2022 WL 17588344, at *5.

---

[6] In contrast, Mr. Martin did not unreasonably multiply the proceedings with respect to the ERISA claims. As previously stated, the Complaint filed in this matter did not include an ERISA claim and, in fact, Mr. Huff expressly disclaimed reliance on ERISA. [Doc. 2]. Thus, Mr. Huff's putative ERISA claims were not initiated until the filing of the Amended Complaint. [Doc. 19]. Further, the court acknowledges that ERISA claims often present difficult issues for the court's determination. *Soc'y of Prof. Eng'g Emps. in Aerospace, IFPTE Local 2001, AFL-CIO v. Boeing Co.*, No. 05-1251-MLB, 2007 WL 9723617, at *4 (D. Kan. Jan. 8, 2007) ("Questions arising under ERISA are some of the most difficult this court must deal with."). In this regard, the court is also cognizant that "the 'power to assess costs against an attorney under § 1927 . . . is a power that must be strictly construed.'" *Braley*, 832 F.2d at 1511. Under the circumstances, Mr. Martin's single

Unfortunately, BP has not provided the court with itemized invoices or other documents from which the court can identify the excess costs incurred by BP as a result of the sanctionable conduct—that is, Mr. Martin's response in opposition to BP's January 31, 2022 motion to dismiss and the two motions to reconsider directed to ERISA's applicability. Accordingly, within fourteen days of this Order—or by February 26, 2024—BP is directed to file a supplemental motion limited to BP's s expenses, costs, and attorney's fees related to the March 16, 2022 Reply Brief in Support of Motion to Dismiss [Doc. 14]; the August 15, 2022 Motion to Reconsider [Doc. 30]; and the February 28, 2023 Motion to Vacate Judgment and Second Motion to Reconsider Whether Plaintiff's Insurance Policy is Subject to ERISA [Doc. 39].

## Conclusion

WHEREFORE, the Motion for Attorney Frees and Costs [Doc. 45] of defendant BP Corporation North America, Inc. is granted in part and denied in part. The motion is granted insofar as the court concludes that, pursuant to 28 U.S.C. § 1927, defendant BP Corporation North America, Inc. is entitled to costs, expenses, and attorneys' fees reasonably incurred related to the March 16, 2022 Reply Brief in Support of Motion to Dismiss [Doc. 14]; the August 15, 2022 Motion to Reconsider [Doc. 30]; and the February 28, 2023 Motion to Vacate Judgment and Second Motion to Reconsider Whether Plaintiff's Insurance Policy is Subject to ERISA [Doc. 39]. The motion is otherwise denied.

IT IS FURTHER ORDERED that, within fourteen days of this Order or by February 26, 2024, defendant BP Corporation North America, Inc. is directed to file a supplemental motion for attorney's fees limited to BP's costs, expenses, and attorney's fees related to the March 16, 2022

---

motion to reconsider directed to the ERISA claims, filed March 1, 2023, did not unreasonably multiply the proceedings.

Reply Brief in Support of Motion to Dismiss [Doc. 14]; the August 15, 2022 Motion to Reconsider [Doc. 30]; and the February 28, 2023 Motion to Vacate Judgment and Second Motion to Reconsider Whether Plaintiff's Insurance Policy is Subject to ERISA [Doc. 39].

IT IS FURTHER ORDERED that Jeff Martin, counsel for plaintiff Roland Huff, may file a response to BP's supplemental motion on or before March 11, 2024.

IT IS FURTHER ORDERED that no reply brief shall be filed.

IT IS SO ORDERED this 12th day of February, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE